Overton j.
 

 There was no necessity for pleading the gaming act; it renders every thing void which falls within the sphere of its prohibition. It can begiven in evidence under the plea of non assumpsit,
 
 (1)
 
 It has been insisted that the credit given on the books was equivalent to the receipt of so much money. This is not the fact. Admitting Vincent kept the books for himself, and not for Bustard and Eastin, his giving credit on the books would make no difference in the transaction. Money paid upon gaming cannot be recovered; but the money of the plaintiff never was paid. Giving credit does not amount to payment in the eye of the law in such a case. The law will look upon the credit given on the books as void, and the original debt as not affected. In this case however the plaintiff knew that he dealt
 
 *370
 
 with Bustard, and Eastin, that the account was with them through their agent and consequently he must know that such direct was no way obligatory upon them unless they chose to confirm it.
 
 (3)
 

 This to all intents and purposes is a gaming transaction, and there being no money paid, it should stand as it originally did. The action seems to be predicated on the idea of an assumpsit to procure the plaintiff a credit on the hooks of Bustard and Eastin, No money has been paid, none had or received in the view of the law, and if this action were sustainable, there ought to be a special count.
 
 (4)
 

 Powel j. Agreed on the last point,and gave opinion as to the other.
 

 (1)
 

 Selwyn's N. P. 337-8.
 

 (3)
 

 3 East. Rep. 322.
 

 (4)
 

 New. Rep. 351.